UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGLENDA CRIGLER,<br><br>   Plaintiff,<br><br>   v.<br><br>AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC,<br><br>   Defendant. | No.  2:13-cv-1343-JAM-KJN PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Seglenda Crigler, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

In this case, plaintiff, a resident of San Francisco, California, appears to allege that defendant American Stock Transfer & Trust Company, LLC, a New York company, deliberately misrepresented or concealed plaintiff's stock earnings, and wrote unnecessary material on plaintiff's investment statements. According to plaintiff, a March 28, 2013 investment statement reflects that defendant computed plaintiff's total shares at a value of $1,036.82, whereas plaintiff's shares are purportedly actually valued at $68,494,767,432.00 as of June 28, 2013. Liberally construed, plaintiff's complaint appears to assert claims for fraud, a violation of 18 U.S.C. § 1348 for securities and commodities fraud, and violations of the Fourteenth Amendment against defendant. (ECF No. 1.)

After reviewing plaintiff's complaint, it appears that venue in this district is improper. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, plaintiff resides in San Francisco, California, which is located in the Northern District of California. According to the investment statement attached to plaintiff's complaint, defendant is headquartered in New York, New York, which is located in the Southern District of New York. Defendant's website also lists an address in Brooklyn, New York,[2] which is located in the Eastern District of New York. The stock at issue is from Sempra Energy, which is based in

////

---

[2] See http://www.amstock.com/main/nav_contactUs.asp.

San Diego, California,[3] and is located in the Southern District of California.  Because defendant does not reside in the Eastern District of California, no part of the events giving rise to plaintiff's claim occurred in the Eastern District of California, and no property that is the subject of the action is situated in the Eastern District of California, venue in this district is improper.

Because filing in this district was likely an inadvertent error by a pro se litigant unfamiliar with the federal venue rules, the court has considered whether it could transfer the action in the interests of justice.  However, based on the record before the court, the court is unable to determine to which specific district the case should be transferred.  For example, it is unclear in which New York district (the Southern District or the Eastern District) defendant resides.  Furthermore, it is unclear whether a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California, allowing plaintiff to instead prosecute her action in that district.  These facts, some of which may already be in plaintiff's possession, are best ascertained by plaintiff.

Therefore, the court recommends that plaintiff's action be dismissed for improper venue pursuant to 28 U.S.C. § 1406(a), but without prejudice to plaintiff re-filing the action in a proper district.  The court expresses no opinion regarding the merits of plaintiff's claims.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS ALSO HEREBY RECOMMENDED that the action be DISMISSED WITHOUT PREJUDICE for improper venue pursuant to 28 U.S.C. § 1406(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

---

[3] See http://www.sempra.com/about.

objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

      IT IS SO ORDERED AND RECOMMENDED.

Dated:  July 25, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE